Sarah M. Buschmann, Dorothy B. Matter, Robert Matter, Jr., Thomas Matter and North Central Oil Corporation, Plaintiffs-Appellees, v. Ruth T. Walsh and Thomas F. Walsh, Defendants-Appellants.

In the Matter of the Application of David Dickey, County Treasurer and Ex-Officio Collector of Taxes, for Judgment and Order of Sale for Taxes . . . of Lands and Lots Delinquent for the Year of Our Lord, 1956, . . . in the County of Wayne, in the State of Illinois.

Ruth T. Walsh, Petitioner, v. Suspense Division Orders, et al., Defendants.

Sarah M. Buschmann, Dorothy B. Matter, Robert Matter, Jr., Thomas Matter and North Central Oil Corporation, Petitioners-Appellees, v. Ruth T. Walsh and Thomas F. Walsh, Respondents-Appellants.

Gen. Nos. 68–128 and 68–129. (Consolidated.)

Fifth District.

February 18, 1970.

Rehearing denied Walsh v. Suspense Division Orders March 25, 1970.

Thomas Franklin Walsh, of Lincoln, for appellants.

Richard C. Cochran and Joe Harrison, Cochran & Harrison, of Fairfield, for appellees.

EBERSPACHER, J.

Plaintiffs brought two actions in the lower court to set aside a tax deed on a mineral estate issued to Ruth T. Walsh on May 31, 1961, by the County Clerk of Wayne County, Illinois. The first was an action in equity; the second was brought pursuant to section 72 of the Civil Practice Act. The trial court denied defendants' motion to strike and dismiss the second amended complaints in both actions. Defendants elected to stand on their motions and judgment was entered in default in favor of plaintiffs in both actions. The judgment declared the tax deed to be null and void and removed it as a cloud upon plaintiffs' respective titles.

Because both actions contain common parties, involve the same property and contain common issues of fact and law, they are consolidated for purposes of this review.

The record shows that in 1957 respondent, Ruth T. Walsh, purchased subject mineral interest at the 1956 Wayne County annual sale of tax delinquent real property. No redemption being made, a tax deed was ordered issued to her pursuant to section 266 of the Revenue Act on May 31, 1961, by the County Court of Wayne County and did so issue.

Section 266 provides that:

> "Tax Deeds issued pursuant to this section shall be incontestable except by appeal from the county court directing the county clerk to issue the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." Ill Rev Stats 1957, c 120, par 747.

244

Section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 72) provides a procedure for obtaining relief from final orders, judgments and decrees. In construing these statutes the Illinois Supreme Court in Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 155 NE2d 308 (1958), stated at page 394:

> "In light of the legislative purpose as manifested in these statutes, considered with reference to the reason for the enactments, we conclude that the legislature desired to render tax titles incontestable except by direct appeal, subject to the provisions of section 72 of the Civil Practice Act, whereby a uniform procedure was established for obtaining relief from all final orders, judgments and decrees within its purview."

Subsection (1) of section 72 combines the various post-judgment and decree remedies heretofore available in legal, equitable and statutory proceedings and abolished any distinction between actions at law and suits in equity. See Southmoor Bank & Trust Co. v. Willis, supra. Thus, a suit in chancery to quiet title is not the proper proceeding in which to consider a collateral attack upon a judgment of the county court issuing a tax deed. Freisinger v. Interstate Bond Co., 24 Ill2d 37, 179 NE2d 608 (1962). Therefore, the action in equity should have been dismissed and the motion to dismiss that action was improperly denied. As a result, the default judgment entered in the chancery action is reversed and that action is dismissed.

The second action, a petition under section 72 of the Civil Practice Act, was filed approximately a month later than the first, and while the first was pending in the same court. It was filed in the original tax proceeding 5½ years after the order for issuance and the issuance and recordation of the tax deed. The verified peti-

tion as amended alleged that the tax deed was void, setting out the particulars, as were the proceedings in the court pursuant to which it was issued; it contained allegations of fraudulent procurement and fraudulent concealment of the deed by acts affirmative in character, designed to prevent and which did, in fact, prevent the discovery of the cause of action until defendant filed suit against the lessee of minerals in another county; it alleged that defendants, with knowledge, fraudulently misrepresented facts in her Petition for an order for a Tax Deed, and sufficient allegations to establish a wrongful intent and pattern of deception, as well as a lack of jurisdiction of the court which ordered the tax deed to issue. The petition further alleged that the judgment which purported to authorize the sale of the real estate for taxes was void because it was not in favor of the People and was not against the property described in the tax deed and not in substantially the form required by section 716, chapter 120, Ill Rev Stats.

Appellant Ruth Walsh attacked the petition by a section 48 (§ 48 Civil Practice Act) motion (1) on the grounds that there was another action (the equity action hereinbefore referred) pending in the same court for the same cause, (2) that the action was barred by a prior judgment (the judgments for delinquent taxes and ordering the issuance of the tax deed) and (3) that the petition was barred by the two-year limitation found in section 72(3) and alleging all pertinent allegations of the petition are factual conclusions or unsupported legal conclusions and state no cause of action, all accompanied by affidavits to the effect that the action was barred by the Revenue Act, chapter 120, § 747, and the two year limitation of § 72(3) and that the allegations of the petition are legal conclusions of the pleader, and by a second affidavit by which affiant states that affiant knows that the County Court of

Wayne County had jurisdiction to hear her petition for tax deed and to order the clerk to execute and deliver her court deed; that she fulfilled the requirements of the statutes and other conclusions of affiant too numerous to here detail.

 During the pendency of the section 48 motion, petitioners filed a motion to consolidate the equity action and the section 72 proceeding, and the two cases were subsequently consolidated. The petition alleged, and the record bears out that the alleged judgments upon which respondent relied to bar the action were void. The petition further alleged and the record bears out that there was a fraudulent misrepresentation of facts and fraudulent concealment with reference to unknown owners to the court issuing the order for a tax deed and alleged affirmative action and a wrongful intent and pattern of deception and a scheme to deprive petitioners of their property. Section 72(3) provides that time during which the ground for relief is fraudulently concealed shall be excluded in computing the two-year limitation and section 72(7) provides that relief from a void order or judgment is not barred. It is clear that a verified petition containing proper allegations charging fraud in connection with a tax deed proceeding is entitled to a hearing under section 72 of the Civil Practice Act. People ex rel. Wright v. Doe, 26 Ill2d 446, 187 NE2d 222. In that case allegations of the making of a false affidavit were sufficient to entitle petitioners to a hearing. As a result, we hold that the petition was sufficient, and that the court properly denied respondent Ruth Walsh's motion to dismiss.

 The petition had also named Thomas F. Walsh, husband of Ruth Walsh, as a party respondent alleging that he "may claim dower or other rights in said premises." Appellant, Thomas Walsh, filed a motion to dismiss the petition as to him and sought to invoke imposition of the penalty provided by § 41, c 110, Ill

247

Rev Stats, alleging that he had disclaimed any interest in the premises and that the allegations were made without reasonable cause and not in good faith, and to distract his interest from attention to the protection of his client's and wife's interests. Obviously, the court did not err in denying his motion.

 Respondents' motions having been properly denied, and respondents having elected to stand on their motions, default having been taken, the default judgment is affirmed.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.