RUTH T. WALSH, Plaintiff-Appellee, *v.* UNION OIL COMPANY OF CALIFORNIA, Defendant-Appellant.

(No. 69-16;

Fifth District—November 25, 1970.

*Rehearing denied April 6, 1971.*

Smith, McCollum & Riggle, of Flora, (Fred McCollum and Robert F. A. Sticke, of counsel,) for appellant.

Thomas Franklin Walsh, of Lincoln, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment entered in Clay County for the recovery of money for oil produced from property located in Wayne County to which plaintiff had taken title by tax deeds.

Plaintiff filed her suit in Clay County on the 2nd day of December 1965, alleging that plaintiff was the owner of certain oil, gas and mineral interests in property that the defendant had under lease and from which the defendant had produced oil, for which plaintiff had not been paid. There were in all some 20 separate tracts of producing land with varying amounts of the mineral interest claimed by the plaintiff. All the land is

located in Wayne County. All of the plaintiff's interest in the oil, gas and minerals were obtained by tax deeds issued pursuant to order of the County or Circuit Court of Wayne County between December 1960 and August 1968. Plaintiff sought judgment for the amount due and owing from defendant for the accrued oil royalties due and payable "when and at such time as the defendant has disclosed to the plaintiff and to this Honorable Court said amounts of oil royalty so accrued".

Defendant filed its motion to dismiss, averring that the court had no jurisdiction contending that the action was a local, nontransitory action to determine the title to real estate in Wayne County and was in effect an action to quiet title to real estate or an interest therein and by virtue of the provisions of The Civil Practice Act par. 7(2), (ch. 110, par. 7(2), Ill. Rev. Stat. 1965) should be brought in Wayne County where the tracts lie; further that it appeared from the face of the complaint to which copies of the tax deeds were attached that some of plaintiff's alleged interests had not been taxed in the name of any person, corporation or other legal entity but had been taxed in the name of "Suspense Division Order" and therefore could not be the subject of a valid tax deed, and that the complaint was fatally defective for want of necessary parties–defendant. The motion prayed in the alternative that the cause be transferred to Wayne County. It was heard and ordered denied on February 17, 1966.

In March 1966 defendant by way of answer to interrogatories stated in dollar amounts the total amount of oil royalty accrued to the plaintiff's alleged undivided interests in the tracts conveyed to her in the tax deeds, and filed its answer admitting it was either in possession of the tracts as lessee and producer or was the purchaser of the oil produced therefrom. The answer admitted that the tax deeds had been issued by the County Clerk of Wayne County to plaintiff or her assignors; that it had received notice of plaintiff's succeeding to the interests of the former owners and that it had not paid plaintiff any oil royalties accrued on the premises described in the complaint. It pled that it was without sufficient information and unable to determine if plaintiff had succeeded to the interests of the former owners neither admitted nor denied, and demanded strict proof.

The cause was heard on May 23, 1966, and a stipulation was made as to the dollar amounts impounded to the various tracts, and at the conclusion of the taking of the evidence it was agreed that defendant would furnish additional lease and oil production information and the cause was continued. In August 1966 a supplemental Answer to Interrogatories was filed by defendant in response to additional interrogatories that plaintiff had filed.

In May 1967 defendant filed a motion to stay proceedings and as grounds therefore stated that certain actions were pending in Wayne

County to have one of the Tax Deeds set aside. Defendant also filed amended and corrected answers and amended and corrected supplemental answers to interrogatories the verifications of which stated that these answers were filed in order to truly and correctly set forth the amount of oil royalty in dollars attributable to the undivided mineral interests allegedly conveyed to plaintiff by the tax deeds.

In June 1967 petitions to intervene for the purpose of staying the proceedings were filed by former owners which were supported by affidavits regarding actions pending in Wayne County to set aside certain of plaintiff's tax deeds involved in this cause; and in which they alleged they would be adversely affected by judgment of the Court in which they were not adequately represented. The Court denied the motion to stay the proceedings and the petitions to intervene on June 12, 1967 and on that day defendant offered and there was heard the testimony of Ochs, its Division Order Specialist, an accountant. He testified that the amended and corrected answers and amended and corrected supplemental answers were the correct amount in dollars that were attributed to or credited to plaintiff's tax deeds, with exceptions which he purported to correct by his testimony. He further testified that he was familiar with the oil and gas leases which covered the lands described in the tax deeds, and that in each of said leases the landowner reserved one eighth of the oil. Cross-examination disclosed the amounts that had previously been allotted and paid to the former holders of the mineral interests as well as the amounts so allocated that had been furnished by defendant to taxing authorities, which amounts were in conflict with the corrected figures presented.

## THE ORDER OF THE COURT.

On July 8, 1968, a judgment order was filed in which the court found that the alleged tax deeds had been issued to plaintiff by order of either the County or Circuit Court of Wayne County none of which orders had been appealed from, and that either defendant had admitted certain dollar amounts being withheld and impounded which were due and owing plaintiff from some of the tracts, or which had been produced or allotted as royalty payments due plaintiff from other tracts, to various dates between February 1966 and June 1, 1967. The order also found that the tax deeds vested:

"An incontestable merchantible title to all of said real estate and interests in real estate in the Plaintiff from the respective times of her acquisition thereof and all right and title and interest of any former owner therein by virtue of the provisions of Paragraph 747 of Chapter 120 of 1951 Illinois Revised Statutes and Amendments thereto."

The order then provided a judgment for Plaintiff from Defendant for

royalties withheld from her in the amount of $15,132.72 and costs. The order further provided that defendant should pay to plaintiff any and all royalties produced from or allotted to the real estate described since the various dates to which the dollar amounts had been computed in the findings,

"which have accrued or hereafter shall accrue."

Post trial motions with amendments thereto were filed which included allegations that two of the tax deeds of plaintiff had been declared null and void by the Circuit Court of Wayne County by orders entered on September 3, 1968. Upon their denial this appeal was perfected.

■■ The defendant first contends that the court erred in failing to sustain its motion to dismiss or in the alternative to transfer the cause to Wayne County; that there was a lack of jurisdiction of the subject matter because the action was a local, nontransitory one and was controlled by par. 7(2), ch. 110, Ill. Rev. Stat. 1965 which states:

"Any action to quiet title to real estate, or to partition or recover possession thereof or to foreclose a mortgage or other lien thereon, must be brought in the county in which the real estate or some part of it is situated."

The prayer of the complaint speaks only of oil royalty accrued payable to the owner of the described mineral interests and prays judgment "for the amount found to be due and owing" in accrued royalty payments by the defendant withheld. The fact that only the defendant had information of such amounts which the plaintiff prayed be disclosed and that the disclosure would be made after the date of the filing of the complaint does not make the prayer one for unaccrued royalties as defendant contends. It was in the power of the defendant and apparently solely of the defendant, to determine and by answers to interrogatories advise the amount of oil royalties accrued allegedly payable to plaintiff and they purported to do so without reference to the date upon which the oil was severed. Accrued oil royalty is personal property. (*Walsh v. Guth*, 50 Ill.App.2d 40, 199 N.E.2d 428, *Ohio Oil Co. v. Wright*, 386 Ill. 206, 53 N.E.2d 966.) The question of whether the amount owed should have been determined as of the date of the filing of the complaint or the date of the filing of the interrogatories was not raised in the trial court at the time of the filing of the interrogatories, in the stipulations, nor at the taking of evidence. Neither was it directly raised by the post trial motions. We agree that oil in place is realty, *Hulse v. Hulse*, 155 Ill.App. 343 at page 348. But it cannot be said that the complaint sought to quiet title to any interest in real estate.

■■ Here in order to grant the relief sought it was not necessary for the court to act directly upon the real estate itself nor did the court have

jurisdiction to enter judgment which would directly effect the real estate, a matter which will be more fully discussed in this opinion. The question was settled long ago in *Brinkerhoff v. Huntley*, 223 Ill.App. 591. There the court said at page 604:

"The rule is well established that where land is to be affected by a decree, as in a partition proceeding, assignment of dower and foreclosure of mortgage or other liens, such proceeding must be instituted where the land or some portion thereof is situated, but where it is sought to settle the rights of parties with respect to some contract, conveyance, trust or fraudulent conduct even though the proceedings may effect real estate as an incident, the proceedings are *in personam* and may be instituted against the trustee in the county where he resides although none of the real estate is there situated. This question is conclusively settled in *Bevans v. Murray*, 251 Ill. 603, 96 N.E. 546."

The sole defendant here was a foreign corporation doing business in Clay County, and could be sued in Clay County for money it allegedly owed plaintiff for the proceeds of oil it had produced in Wayne County.

Appellant next urges that there was a failure to join necessary parties, citing *Ragsdale v. Superior Oil Co.*, 40 Ill.2d 68, 337 N.E.2d 492. There the plaintiff claimed a mineral interest which was contrary to the record chain of title; here the plaintiff bases her claim for money owed for oil produced on her record chain of title. We therefore do not consider that Ragsdale here applies. The cause of action for the money judgment prayed was transitory in nature and required only the personal jurisdiction of the defendant from whom the money was sought. *Gordon v. Gordon*, 6 Ill.2d 572, 129 N.E.2d 706.

■■■ Appellants also contend that the court erred in failing to allow intervention by parties whose mineral interest had been conveyed to plaintiff by the tax deeds; contending that they should have been allowed to intervene as a matter of right pursuant to par. 26.1, ch. 110, Ill. Rev. Stat. 1963. That section provides in part "Upon timely application anyone shall be permitted as of right to intervene in an action * * *" The petitions to intervene were filed more than a year after the first evidence was heard and the stipulation of dollar amounts had been filed. The trial court may well have determined that they were not timely. Timeliness is left to the discretion of the court. (*Childress v. State Farm Mutual Auto Insurance Co.*, 97 Ill.App.2d 112, 239 N.E.2d 492; *County of Cook v. Triangle Sign Co.*, 40 Ill.App.2d 202, 189 N.E.2d 25.) The desire to intervene was obviously for the purpose of collateral attack on the tax deeds which had been issued pursuant to judgment orders of the Wayne County Circuit Court which had never been appealed from and none of which had

at that time been declared void. While the Wayne County orders may have been subject to attack under par. 72 of the Practice Act (ch. 110, par. 72, Ill. Rev. Stat. 1965) such attack could only be made in the court which entered the judgments. The legislative intent to give stability to titles evidenced by tax deeds was evidenced by language to be found in pars. 266 and 270 of the Revenue Act (ch. 120, par. 747 and par. 751, Ill. Rev. Stat. 1965). In par. 266 of the Revenue Act it is stated:

"Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantible title."

We also consider the following language from par. 270 of the Revenue Act pertinent in determining whether the court properly denied the motions to intervene and to stay the proceedings, as well as pertinent to the contention that plaintiff failed to prove her title:

"Deeds executed by the county clerk as aforesaid shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser, his heirs or assigns, to the real estate thereby conveyed of the following facts: First—That the real estate conveyed was subject to taxation at the time the same was assessed, and had been listed and assessed in the time and manner required by law. Second—That the taxes or special assessments were not paid at any time before the sale. Third—That the real estate conveyed had not been redeemed from the sale at the date of the deed. Fourth—That the real estate was advertised for sale in the manner and for the length of time required by law. Fifth—That the real estate was sold for taxes or special assessments as stated in the deed. Sixth—That the grantee in the deed was the purchaser or assignee of the purchaser. Seventh—That the sale was conducted in the manner required by law. And any judgment for the sale of real estate for delinquent taxes, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions, the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments have been paid or the real estate was exempt from general taxes under this Act or was not subject to special assessment."

None of plaintiff's deeds had been finally adjudicated void at the time

of the judgment or at the time of the disposition of the post trial motion.

■■ We therefore conclude that the trial court did not err in refusing to stay the proceedings nor in denying the petitions for intervention. We further conclude that for the purpose for which her deeds were presented, they were sufficient evidence of title to support the money judgment prayed.

■■ Finally the defendants urge that the court erred in entry of the judgment order. With this contention we agree in part. The court did not exceed its jurisdiction in ordering judgment in a dollar amount. The amount of $15,132.72 is supported by the stipulation, answers to interrogatories, and evidence. The information on the amount due on plaintiff's mineral interests was known only to defendants. It is difficult to perceive that their records were not correct in the first instance. Any interest of the defendant in plaintiff's mineral interests may be increased only by conveyance of it from her. Their only relationships are as landlord-lessee in those of her lands under lease to defendant, and creditor-debtor in those of her mineral interests from which defendant purchases crude production. Defendant is a stranger to plaintiff's title; it cannot dispute its landlord's title nor claim adversely to her title in the case at bar. The amount of $15,132.72 is sustained by the stipulation which was binding and conclusive on the parties and the evidence presented, practically all of which consisted of dollar amounts that had been computed by defendant. Under such circumstances failure to use the last set of dollar amounts which defendant offered under its most recent construction of plaintiff's deeds did not result in a judgment in dollar amount which was manifestly against the weight of the evidence.

■■ The finding that the tax deeds vested "an incontestable merchantible title" in plaintiff cannot stand. It was neither prayed for nor necessary in this case and the Circuit Court of Clay County was without power to so adjudicate. That part of the order which required defendant to pay plaintiff royalties on oil produced from the various tracts in the future from the various dates, likewise cannot stand. It amounts to an adjudication of interests in real estate since oil in place is not personal property, and the right to receive royalties is an interest in land, *Walsh v. Guth, supra.* Such relief was not prayed. Our Courts have consistenly held that affirmative relief cannot be properly granted without some kind of pleading requesting it. *Tison & Hall Concrete Products Co. v. A. E. Asher, Inc.,* 86 Ill.App.2d 34, 229 N.E.2d 137; *Jones v. McCollen, et al.,* 85 Ill.App.2d 375, 222 N.E.2nd 788; *Zelko, for Use of Oostema v. Homewood Savings & Loan Ass'n.,* 20 Ill.App.2d 481, 156 N.E.2d 233.

We therefore affirm the money judgment in the amount of $15,132.72

and remand the cause for the entry of a judgment not inconsistent with this opinion.

Affirmed in part, reversed in part, remanded with instructions.

G. MORAN, P. J., and GOLDENHERSH, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF PETITION FOR REHEARING.

In its petition for rehearing appellant has urged that this Court has by its decision created a conflict with its decision in the case of *Bachman et al. v. Walsh,* 120 Ill.App.2d 242, 256 N.E.2d 882, filed February 18, 1970 (petition for leave to appeal to Supreme Court denied October 5, 1970) in which we affirmed the Circuit Court of Wayne County in holding that the tax deed of the so called Buschman interest was void in a Section 72 (ch. 110, par. 72, Ill. Rev. Stat.) action in which the defendant elected to stand on its pleadings, upon a motion to dismiss the Section 72 action being denied. Although that situation was considered in arriving at our opinion in this case and we were aware that the tax deed of the Buschman interest was the evidentiary basis of a part of the money judgment affirmed in the present case, we made no mention of that particular situation in the present opinion.

The opinion in the present case filed November 25, 1970 was a review of the propriety of the trial court's judgment entered on July 6, 1968 and its subsequent denial of the post trial motion on September 27, 1968 in the Circuit Court of Jasper County. We therefore did not pass on the question of whether the tax deed of the Buschman interest was sufficient, in view of the provisions of Sections 266 and 270 of the Revenue Act (ch. 120, pars. 747 and 751 Ill. Rev. Stat.) to support a money judgment at any time after the tax deed of the Buschman interest was declared void in the Circuit Court of Wayne County or after that judgment in Wayne County became final as a result of our affirmance on February 8, 1970 and the denial of the petition for leave to appeal to the Supreme Court on October 5, 1970. At the time the money judgment which we reviewed in this cause was awarded in the Jasper County Circuit Court there was no judgment declaring the tax deed of the Buschman interest void, although a Section 72 proceeding was pending in the Circuit Court of Wayne County at that time. We invite Appellants attention to the effect of a pending Section 72 action on the order for issuance of a tax deed as set forth in (4) of that section.

We consider other points raised in the petition for rehearing as points raised in the original briefs and adequately considered in the opinion heretofore filed.

We therefore deny the petition for rehearing.