(No. 44305.–■■■■■■■■■■

RUTH T. WALSH, Appellee, v. UNION OIL COMPANY OF CALIFORNIA, Appellant.

*Opinion filed Dec. 1, 1972.—Rehearing denied Jan. 26, 1973.*

GOLDENHERSH, J., took no part.

FRED McCOLLUM and ROBERT F. A. STOCKE, of SMITH, McCOLLUM & RIGGLE, of Flora, for appellant.

THOMAS FRANKLIN WALSH, of Lincoln, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Ruth T. Walsh, the plaintiff, brought an action in the circuit court of Clay County on December 2, 1965, alleging ownership of certain oil, gas and mineral interests in property in Wayne County which had been leased to the defendant by the plaintiff's predecessors in title. The complaint claimed the defendant's failure to pay royalties due the plaintiff for oil produced. A judgment for $15,132.72 was entered for the plaintiff, and the appellate court affirmed, with the exception of a portion of the judgment which is not pertinent here. (131 Ill. App. 2d 1015.) We granted leave to appeal.

The plaintiff's interest had been obtained through tax deeds issued between December 1960 and August 1965 by the county clerk of Wayne County pursuant to orders

entered by the county court and the circuit court of Wayne County. On the basis of records of the defendant the parties stipulated as to the amount of royalties that were owed by the defendant under its leases.

In May 1967 the defendant moved to stay the proceedings on the ground that actions were pending in Wayne County to have certain of the tax deeds, on which the plaintiff was relying in its Clay County action, set aside. In June 1967 petitions to intervene for the purpose of seeking a stay of the proceedings were filed by former owners of certain interests claimed by the plaintiff. The trial court denied the petitions to intervene and the defendant's motion to stay the proceedings, and on June 8, 1968, entered judgment for the plaintiff.

After the appellate court had affirmed the judgment, the defendant filed a petition for rehearing in which it pointed out that the appellate court in *Buschmann v. Walsh, 120 Ill. App. 2d 242,* had affirmed the judgment of the circuit court of Wayne County, which had held a tax deed issued to the plaintiff here void, and on which the plaintiff had sought to recover in her action in Clay County. The appellate court's opinion in *Buschmann* was filed on February 18, 1970, prior to that court's affirmance in this case. The plaintiffs in the *Buschmann* case had brought the action in Wayne County under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 72) to have the tax deed issued to Walsh declared void. The appellate court in denying the petition for rehearing said that its opinion in this case was a review of the propriety of the trial court's judgment in Clay County entered on July 6, 1968, at which time there was no final judgment in Wayne County holding one of the plaintiff's tax deeds void. The court said it therefore was not passing on the question of whether the tax deed concerned in the *Buschmann* case was sufficient to support a money judgment in Clay County for the plaintiff after there had been a final judgment that the deed was void.

One of the defendant's contentions is that the trial

and appellate courts erred in failing to judicially construe the tax deeds issued to the plaintiff, and it alleges that the plaintiff had a lesser interest than she claimed.

We do not find the contention persuasive. The complaint sought recovery of the oil royalties accrued and due the plaintiff. Accrued oil royalties are regarded as personal property. (*Ohio Oil Co. v. Wright, 386 Ill. 206.*) Following the submission of interrogatories by the plaintiff, the parties stipulated as to the amounts of money attributable to oil runs from the concerned tracts, which stipulation was based on the defendant's records. Slightly more than a year after the stipulation had been entered into, and after the taking of evidence in the case, the trial court permitted the defendant to file amended answers to interrogatories and permitted its accountant to testify. His testimony was, and the answers to the interrogatories indicated, that lesser amounts than the defendant had originally calculated were due the plaintiff because, it was said, of an overlooked conflict, apparently due to clerical error, between the tax deed given the plaintiff and the interest held by the plaintiff's predecessors in title. The defendant, it may be noted, did not introduce evidence of the deeds held by the predecessors in title to prove this conflict. Too, as the appellate court observed, on cross-examination it was disclosed that the amount of money allocated and paid to the plaintiff's predecessors in interest and the amounts so allocated in reports of the defendant to taxing authorities did not correspond with the new answers to interrogatories that the defendant filed.

The amount of the judgment was in the amount the parties had stipulated to on the basis of records solely within the defendant's possession. The action was one in personal property, not real property. The defendant later offered evidence that it had erred in its computations, but the trial court was not obliged to accept the accounting by the defendant which was last filed. The court's entering its judgment in the amount the parties had stipulated to was

not contrary to the manifest weight of the evidence. *Schulenburg v. Signatrol, Inc., 37 Ill.2d 352; Myers v. City of Elmhurst, 12 Ill.2d 537; LaSalle National Bank v. County of Cook, 12 Ill.2d 40.*

It is also argued by the defendant that the judgment in favor of the plaintiff should be reduced by $3,943.98, that being the amount attributable to the oil runs from the *Buschmann* interest, the plaintiff's deed to which was held to be void by the circuit court of Wayne County and by the appellate court. The defendant asks that we take judicial notice of those proceedings. The plaintiff, citing, *inter alia, People ex rel. Winkler v. Chicago and Eastern Illinois Ry. Co., 336 Ill. 506, 519,* contends that a court cannot take judicial notice of proceedings in cases other than the one before it. While it is often said that courts will not judicially notice the proceedings or the record in another cause, courts have taken judicial notice of other proceedings as where a holding in one cause, with substantially the same parties, is determinative of the pending cause. For example, in *Butler v. Eaton, 141 U.S. 240, 35 L. Ed. 713, 11 S. Ct. 985,* the Supreme Court considered an appeal in which the trial court had based the appellant's liability on a judgment in a companion case, which the Supreme Court had subsequently reversed. The court observed that if only the record in the case before it were to be considered, there was no error, but it said that its decision in the other case had rendered void the whole basis of the appellant's defense in the case pending before the court. The court questioned: "Are we then bound to affirm the judgment and send it back for ulterior proceedings in the court below, or may we, having the judgment before us, and under our control for affirmance, reversal or modification, and having judicial knowledge of the total present insufficiency of the ground which supports it, set it aside as devoid of any legal basis, and give such judgment in the case as would and ought to be rendered upon a writ of error *** or other proper proceedings for revoking a

judgment which has become invalid from some extraneous matter? *** It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force or effect, and ought never to have existed. *** Upon full consideration of the matter we have come to the conclusion that we may dispose of the case here." 141 U.S. 240, 243-244, 35 L. Ed. 713, 714.

This court, too, has noticed other judicial proceedings. In *Blyman v. Shelby Loan and Trust Co. 382 Ill. 415,* which involved a suit for partition of realty of a decedent who supposedly had died intestate, our court judicially noticed the record in another cause pending before it where a will, purportedly that of the decedent, was admitted to probate. Too, in *In re O'Malley, 404 Ill. 257,* a disbarment proceeding, the court took notice of facts involving the same attorney in *People v. O'Malley, 404 Ill. 165.*

In *Buschmann v. Walsh* the circuit court of Wayne County declared the deed to the plaintiff here to have been void. That judgment was affirmed by the appellate court. It is proper for this court to notice that the deed which in part supported the plaintiff's claims in the case before us, has been pronounced void.

The defendant says that $3,943.98 of the $15,132.72 judgment against it represented the plaintiff's unfounded claim under the *Buschmann* deed. As the plaintiff did not have a right to these interests for which the circuit court of Clay County awarded her royalties, we must remand this cause to the circuit court of Clay County for a determination of the amount by which its original judgment must be reduced.

The defendant also says that there is pending in the circuit court of Wayne County an action to have other deeds, on which the plaintiff allegedly relied in part in her action in the circuit court of Clay County, declared void.

The defendant asks that the judgment here be stayed as to that portion of it which is based on the plaintiff's claims under deeds now challenged in Wayne County. It would appear that if these pending contentions are upheld, the judgment entered for the plaintiff in the circuit court of Clay County may have to be modified further to reflect a nullifying of these other deeds, on which the plaintiff partially rested her claims in the Clay County action. Accordingly, the circuit court of Clay County shall further determine on remand, after a submission by the defendant of its representations and the plaintiff having been given an opportunity to be heard, whether a final judgment against the plaintiff as to these contentions will require a further modification of the Clay County judgment. If the court does so determine, it shall stay that portion of the judgment in favor of the plaintiff, as is based on the deeds now under challenge, until there has been a final determination of that cause. Thereafter, the court shall enter such further order as will be appropriate.

For the reasons given, the judgments of the appellate court and of the circuit court of Clay County are affirmed in part and the cause is remanded to the circuit court of Clay County for a modification of the original judgment consistent with the views expressed herein.

*Affirmed in part and remanded, with directions.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.