*In re* APPLICATION OF COUNTY TREASURER.—(RUTH T. WALSH, Petitioner, *v.* SUSPENSE DIVISION ORDERS *et al.*, Defendants.)—(ALBERT C. MICHELS, Petitioner-Appellee, *v.* RUTH T. WALSH, Respondent-Appellant.)

Fifth District   No. 76-12

Opinion filed July 22, 1977.—Rehearing denied August 30, 1977.

G. MORAN, J., dissenting.

Thomas Franklin Walsh, of Lincoln, for appellant.

H. Carroll Bayler, of Louisville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

On January 19, 1967, Esther Clem and Albert C. Michels, her only child, filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) to set aside a tax deed which had been issued to Ruth T. Walsh, respondent, on May 31, 1961. Mrs. Clem died in January of 1968. After several amendments which do not concern us here, the amended second amended petition of Albert C. Michels, petitioner, was heard by the court on May 9, 1975. Thereafter, on July 2, 1975, the court entered judgment on the amended second amended petition, in

which the court found that the tax deed had been fraudulently procured and declared the deed to be "void and vacated and set aside." Respondent has appealed.

The facts out of which this case arose can be briefly stated as follows. On October 7, 1957, a judgment and order of sale for delinquent taxes for the year of 1956 was entered by the County Court of Wayne County, Illinois. On October 30, 1957, at the Wayne County sale of real estate for unpaid 1956 taxes, respondent purchased, *inter alia*, "an interest described as an undivided .1250000 in and to all of the oil, gas and other minerals in and under and that may be produced from the Real Estate which is described as follows, to wit:

> The East Half of the Northwest Quarter of the Southwest Quarter of Section Twenty-six (26) in Township Two (2) North, Range Seven (7) East of the Third Principal Meridian, situated in the Town of Keith, in the County of Wayne, in the State of Illinois,

owned by * * * Albert C. Michels, and leased [under the T.R. Michels "E" lease] to * * * The Pure Oil Company, a Corporation, the tenant in possession thereof." Respondent was issued a 1956 Wayne County tax sale certificate. On July 28, 1960, respondent filed in the Wayne County Court a verified petition for a tax deed for this and other interests in real estate purchased at the prior tax sale. On May 31, 1961, respondent filed her attorney's affidavit as to military service of natural defendants and her affidavit of giving the notice prescribed by sections 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1967, ch. 120, par. 744 and 747). On page 5 of the affidavit of giving notice appears the following paragraph:

> "Deponent further deposes and says that, on said twenty-eighth day of July, A.D., she served a printed copy of such NOTICE affecting hereinbefore designated Tract (12) of said Real Estate [the T.R. Michels "E" lease] upon ALBERT C. MICHELS (a person interested therein who resides in said County of Wayne), personally and within said County of Wayne, a true copy of said NOTICE being annexed hereto and made a part hereof, and marked, 'Exhibit A-4'."

Exhibit A-4, referred to in the paragraph of respondent's affidavit is a "notice of purchase at a tax sale and of filing a petition for tax deed" addressed to "Suspense Division Order T.R. Michels 'E' Tract; Albert C. Michels; and the Pure Oil Company, a Corporation, tenant in possession of same."

On May 31, 1961, the Wayne County Court entered an order for the issuance of tax deed with respect to the above-mentioned interest in real estate as well as numerous other interests. The order recited that the court had examined the files and records and heard the testimony in the case; stated that the court had jurisdiction of the parties and the subject matter;

made express reference to Ruth T. Walsh's affidavit of giving notice prescribed by sections 263 and 266 of the Revenue Act of 1939; stated that all requirements of statute for issuance of a tax deed had been strictly complied with; and ordered the tax deed to be issued.

On December 2, 1965, respondent filed suit in the circuit court of Clay County to enforce payment to her for oil taken from the tract by the Pure Oil Company, the assignee of the lease. (See *Walsh v. Union Oil Co.*, 131 Ill. App. 2d 1015, 268 N.E.2d 706, *aff'd in part and remanded*, 53 Ill. 2d 295, 291 N.E.2d 644.) Thereafter, on January 19, 1967, Albert C. Michels and Esther Clem filed their original section 72 petition in the circuit court of Wayne County, in which they claimed that they had not learned of the tax deed proceeding until after respondent filed suit in 1965 to recover for oil taken from the tract by the Pure Oil Company.

The amended second amended petition filed by Albert C. Michels alleges that the tax deed which is the subject of the instant case had been issued as a result of "fraudulent procurement" and "fraudulent concealment" on the part of respondent. The petition alleged that because of this fraud and because of other reasons specified, the tax deed was void and should be set aside pursuant to section 72 of the Civil Practice Act. After hearing the evidence on the amended second amended petition, much of which was aimed at proving that neither petitioner nor his deceased mother, Mrs. Clem, had received the notice required by sections 263 and 266 of the Revenue Act of 1939, the circuit court of Wayne County found that the tax deed had been fraudulently procured and vacated the deed. As will be discussed hereinafter, we are of the opinion that the circuit court of Wayne County erred in vacating the tax deed and that, therefore, the case must be reversed.

■■ Section 72 of the Civil Practice Act provides the method for relief from a final order, judgment, or decree after 30 days have elapsed from the entry of the order, judgment or decree. Section 72(3) provides that a petition for relief under section 72 must be filed within two years after the entry of the order, judgment, or decree from which relief is sought but that time during which the petitioner was under legal disability or duress or during which the ground for relief is fraudulently concealed shall not be included in computing the two-year period. Section 72(7) provides:

> "Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief."

Section 72(7) makes clear that a void order, judgment, or decree can be attacked at any time, without regard to the two year limitation provided for in section 72(3). *Nicholson v. Lowenstein*, 77 Ill. App. 2d 97, 222 N.E.2d 157, *cert. denied* (1967), 389 U.S. 825, 19 L. Ed. 2d 78, 88 S. Ct. 62;

*Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.*, 83 Ill. App. 2d 320, 227 N.E.2d 562.

In the instant case petitioner's section 72 petition attacked the May 31, 1961, order of the Wayne County court for the issuance of the tax deed. The original petition in this case was filed on January 19, 1967, well beyond two years after the entry of the order attacked. Respondent's answer to petitioner's amended second amended petition raised this fact and asserted that it barred the instant action. It is apparent, therefore, that unless the May 31, 1961, order of the Wayne County court was void or unless the two-year limitation period imposed by section 72(3) did not run before the original petition was filed, petitioner was not entitled to any relief in the instant case.

Petitioner made no claim of legal disability or duress. Petitioner's amended second amended petition did, however, allege fraudulent concealment on the part of respondent which resulted in petitioner being unaware of the tax deed proceedings until after the suit was filed by respondent against the Pure Oil Company on December 2, 1965.

Our first concern, therefore, is whether the evidence presented on this section 72 petition was sufficient to establish fraudulent concealment. We conclude that the evidence in this case fell short of proving fraudulent concealment on the part of respondent, Ruth R. Walsh.

■■ ■ To constitute fraud and toll the two-year limitation period imposed by section 72(3), the concealment must be shown to have been done with an intention to deceive. (*Nogle v. Nogle*, 53 Ill. App. 2d 457, 202 N.E.2d 683; *Lagen v. Lagen*, 14 Ill. App. 3d 74, 302 N.E.2d 201.) Of the numerous acts of respondent alleged by petitioner to constitute fraudulent concealment, the only act which might have been shown to have been fraudulent was the filing of the affidavit of notice in the hearing on respondent's petition for a tax deed. If petitioner could have shown that this affidavit had been false with respect to the claim that petitioner had been given personal notice of the petition for a tax deed and that respondent had known that the affidavit was false, respondent's act of filing the affidavit might be said to have been fraudulent concealment. However, although the evidence presented in the instant case tended to show that petitioner may not, in fact, have been given the claimed notice, the evidence did not establish that respondent knew, at the time the affidavit was filed or at any other time, that petitioner had not been given the statutory notice. Rather, the evidence showed that respondent had filed the affidavit of notice under the good faith belief that her attorney had provided the required notice. The burden of proving fraud is on the party asserting it, and the evidence must be clear and convincing and not merely suspicion. (*Lagen v. Lagen.*) Even the omission to serve any notice

at all is not necessarily fatal. As the supreme court stated in *Urban v. Lois, Inc.,* 29 Ill. 2d 542, 548, 194 N.E.2d 294: "While it is now apparent that Urban had an interest and was not served, there is no indication that the affidavit and that the testimony based upon it was not in good faith." In the instant case petitioner failed to establish that respondent's filing of the affidavit of notice amounted to fraudulent concealment. We think, too, that the fact that the petition for tax deed, the tax deed itself, together with the statutory prerequisites for its issuance, were all matters of public record in Wayne County militates against any notion of fraudulent concealment. Petitioner's failure to receive tax statements on the interest or to pay the taxes assessed should have caused him to make some inquiry into the status of the taxing mechanism.

Having failed to establish fraudulent concealment, petitioner's original petition was not timely filed under section 72(3). Therefore, petitioner could only have obtained relief from the order attacked, that is the May 31, 1961, order of the Wayne County court, if that order is void. (*Mathews v. Atlas Liquors, Inc.,* 132 Ill. App. 2d 608, 270 N.E.2d 453; *Large v. Lyons,* 31 Ill. App. 3d 1076, 335 N.E.2d 524.) Petitioner's amended second amended petition claimed the tax deed to be void because, *inter alia,* respondent had failed to give petitioner the notice required by sections 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, pars. 744 and 747) and had failed in several other respects to strictly comply with certain provisions of the Revenue Act of 1939. The court below found that the tax deed had been fraudulently procured "by material misrepresentation of facts available * * * upon diligent inquiry as contemplated by the law" and that respondent "or her agent in furtherance thereof did fraudulent conceal same." The court then concluded that the tax deed was void and vacated it.

■■ It is well settled that an order is void not by reason of mere error or impropriety, but only by a lack of jurisdiction by the issuing court of either the subject matter or the necessary parties. (*People v. O'Keefe,* 18 Ill. 2d 386, 164 N.E.2d 5; *Farlow v. Oliver,* 29 Ill. 2d 493, 194 N.E.2d 262.) It is also well settled that a tax deed proceeding is one purely *in rem* and not *in personam* and that the failure of the tax deed petitioner to give the notices required by statute will neither divest the court of jurisdiction, nor prevent it from finding that all the necessary notices have been given and directing that a tax deed issue. (*Farlow v. Oliver; Urban v. Lois, Inc.; Smith v. D.R.G., Inc.,* 63 Ill. 2d 31, 344 N.E.2d 468.) The giving of the notices required by sections 263 and 266 of the Revenue Act is not an absolute condition precedent to the issuance of a tax deed. (*People v. Orth,* 21 Ill. 2d 205, 171 N.E.2d 626; *Farlow v. Oliver.*) Although the trial court must closely scrutinize the record to determine that there has been statutory compliance before directing issuance of the tax deed (*Farlow v.*

*Oliver*), the determination of whether a party has been given the notice required by statute goes to whether the court should order the tax deed to issue and not to whether the court has jurisdiction in the proceeding. *Smith v. D.R.G., Inc.*

Being an *in rem* proceeding, the trial court acquires jurisdiction over the land to order the issuance of a tax deed when the county collector makes his application for judgment and order for sale. (*Urban v. Lois, Inc.; Smith v. D.R.G., Inc.; Large v. Lyons.*) In the instant case the Wayne County court, after expressly referring to respondent's affidavit of notices given, found that the statutory requirements for issuance of a tax deed had been complied with. Although the finding that the required notices had been given may have been in error, it did not divest the Wayne County court of jurisdiction to issue the tax deed, which, as pointed out above, the court acquired when the county collector made an application for judgment and order for sale of the subject property.

■■ We recognize that the result reached in the instant case is the opposite of the result reached by this court in *Buschmann v. Walsh*, 120 Ill. App. 2d 242, 256 N.E.2d 882, which involved a section 72 petition brought by different parties but attacking the same order for the issuance of a tax deed and the same respondent as does the case before us. In *Buschmann* the allegations made in the section 72 petition were nearly identical to those made in the amended second amended petition in the instant case. Moreover, as in the instant case, the tax deed in *Buschmann* was declared void by the trial court entertaining the section 72 petition. However, the distinguishing feature between *Buschmann* and the instant case is that respondent in *Buschmann* elected to stand on her section 48 motion (Ill. Rev. Stat. 1967, ch. 110, par. 48) to strike and dismiss the section 72 petition; and judgment in default was then entered against respondent, declaring the tax deed void. By way of contrast, in the instant case respondent did not elect to stand on a motion to strike and dismiss the section 72 petition, but rather filed an answer to the petition, which was followed by a full hearing on the matter.

For the foregoing reasons, the judgment of the circuit court of Wayne County declaring void the tax deed attacked by petitioner's amended second amended petition is reversed.

Reversed.

CARTER, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I disagree with the majority's interpretation of the effect of *Buschmann v. Walsh*, 120 Ill. App. 2d 242, 256 N.E.2d 882. That decision is treated as

though it has only *stare decisis* effect on the instant case and is distinguished on the basis that a judgment of default was entered after Walsh's election to stand on her section 48 motion. I believe it is error to treat that earlier decision as merely a precedent which may or may not be followed. That case stemmed from exactly the same proceeding giving rise to the controversy in this case. In addition, the contentions made in the section 72 petition in the earlier case were nearly identical to those made in this case. The order of the trial court defaulting Walsh in the prior case went to the essence of her entire petition for tax deed which affected petitioner in this case. In the appeal of the earlier case this court made the following conclusions:

> "The petition alleged, and the record bears out that the alleged judgments upon which respondent relied to bar the action were void. The petition further alleged and the record bears out that there was a fraudulent misrepresentation of facts and fraudulent concealment with reference to unknown owners to the court issuing the order for a tax deed and alleged affirmative action and a wrongful intent and pattern of deception and a scheme to deprive petitioners of their property." (120 Ill. App. 2d 242, 247.)

The majority correctly characterizes the tax deed proceeding as one purely *in rem* and not *in personam* since the proceeding is affecting interests in property. (See *Spokane County ex rel. Sullivan v. Glover,* 2 Wash. 2d 162, 97 P.2d 628.) In declaring the entire tax deed proceeding void for fraudulent misrepresentation and fraudulent concealment, the trial court in *Buschmann* affected the interests in all the property involved. Since the entire judgment was declared void, that earlier decision is binding on us in this case. We are bound by our former decision even though we might decide the case differently now.