(No. 49977

*In re* APPLICATION OF DAVID DICKEY, County Treasurer.—(Albert C. Michels, Appellant, v. Ruth T. Walsh, Appellee.)

*Opinion filed September 19, 1978.*

H. Carroll Bayler, of Louisville, for appellant.

Thomas Franklin Walsh, of Lincoln, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

On January 19, 1967, petitioner, Albert C. Michels, and his mother, Esther M. Clem (since deceased), filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 72) to set aside a tax deed which had been issued to respondent, Ruth T. Walsh, on May 31, 1961. Following a hearing held on May 9, 1975, the trial court entered a judgment declaring the deed void upon a finding that the tax deed had been fraudulently procured by the respondent. A majority of the appellate court reversed. (51 Ill. App. 3d 697.) We granted petitioner leave to appeal. 58 Ill. 2d R. 315.

Involved in this appeal is an undivided .12500 fractional leasehold mineral interest owned by the petitioner under a lease identified as the "T.R. Michels 'E' Lease." The lessee under the lease is the Union Oil Company of California, formerly Pure Oil Company.

On October 7, 1957, the county court of Wayne County declared delinquent the 1956 taxes assessed against the above-mentioned interest and ordered it sold in satisfaction thereof. On October 30, 1957, respondent purchased the petitioner's leasehold mineral interest along with numerous other delinquent fractional leasehold mineral interests owned by various other individuals. On July 28, 1960, respondent extended the redemption period to October 29, 1960, and filed a verified petition for issuance of a tax deed.

Following several continuances, the respondent filed both her attorney's affidavit concerning military service of natural defendants and her affidavit of giving notice prescribed by sections 263 and 266 of the Revenue Act of

1939, as amended (Revenue Act) (Ill. Rev. Stat. 1959, ch. 120, pars. 744, 747). At page 5 of the affidavit, the respondent stated that she had served Albert C. Michels with a printed copy of the notice of her petition for issuance of a tax deed. A copy of the notice was attached to the affidavit. Said notice was addressed to "Suspense Division Order, T.R. Michels 'E' Tract; Albert C. Michels; and The Pure Oil Company, a Corporation, tenant in possession ***," and it indicated that the property was last assessed to an entity identified as "Suspense."

The trial court, on May 31, 1961, entered an order which recited that the court had examined the records and heard testimony (it made express reference to respondent's affidavit), that the court had jurisdiction of the parties and subject matters, that there had been strict compliance with all requirements of statute for issuance of a tax deed, and that the tax deed should issue.

On December 2, 1965, respondent filed suit in the circuit court of Clay County against the Union Oil Company to enforce payment of the oil royalties due and owing her under the purchased mineral leaseholds. (See *Walsh v. Union Oil Co.* (1970), 131 Ill. App. 2d 1015, *aff'd in part and remanded* (1972), 53 Ill. 2d 295.) Thereafter, on January 19, 1967, petitioner and his mother filed their original section 72 petition in the circuit court of Wayne County.

Petitioner's twice-amended petition sought to have the tax deed set aside on grounds that (1) the respondent obtained the deed by fraud, and (2) the trial court lacked jurisdiction to order the tax deed to be issued. The petition cited various errors, omissions and discrepancies in the respondent's pleadings and affidavit which petitioner claimed were fraudulent. He further asserted that he had never received notice of the tax-deed proceeding as required by statute, and alleged that the trial court lacked jurisdiction to issue the tax deed (1) because of the lack of

notice to petitioner, (2) because the judgment order of sale for delinquent taxes was defective, and (3) because all taxes legally assessed and due on the property in 1956 had been paid.

At the hearing, the petitioner testified that, in 1956, he and his mother owned both the surface estate and the mineral estate of the land in question, subject to the outstanding oil-and-gas lease under which they received royalty payments. They continued to receive oil-royalty payments under the "T.R. Michels 'E' Lease" until 1965, at which time the Pure Oil Compnay withheld further payments. Petitioner stated that he had paid all tax bills issued to him between 1956 and 1965, that he received only one tax bill in 1956, and that, until 1961, he had never received a separate assessment against his mineral interests. (Petitioner's own exhibits, however, indicate that some of his mineral interests were separately assessed and taxed in 1957.) Petitioner asserted that neither he nor his mother had ever received notice of the tax-deed proceedings.

Respondent, called by petitioner under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 60), testified that, before filing her petition for issuance of a tax deed, she had searched the public records for all interested parties. However, under direct examination during her defense, respondent stated that she had not personally conducted the search of the records, but that her husband, an attorney who was acting as such for her at the time, had conducted all searches and had supplied her with all the information which was contained in her petition and affidavit. Respondent indicated that she did not know who served notice on the petitioner but thought that the sheriff had. She further stated that she relied completely on the advice of her husband, who specialized in real estate tax matters and who had previously handled numerous tax-deed proceedings. Assertedly, according to

respondent, the tax deed was recorded immediately after its issuance and both petitioner and Pure Oil Company were notified of the issuance and recordation.

Entries from the tax-warrant book for 1956 were identified and read into the record by the county clerk of Wayne County. On page 81 of the warrant book there appeared a leasehold mineral interest described as ".125 T.R. Michels 'E' Lease R.I." The words "In Suspense" appeared in the column where the name and address of the assessee normally appeared. No explanation was given for the meaning of the words, "In Suspense." The warrant book further disclosed that the taxes assessed against the above-described mineral interest had not been paid in 1956, and that the parcel had been sold in satisfaction thereof.

Following the hearing, the trial court held that the tax deed had been fraudulently procured "by material misrepresentation of facts available to [respondent] or her agent ***," and that respondent "or her agent in furtherance thereof did fraudulently conceal same." The trial court did not, however, make a finding as to whether all taxes legally owed by petitioner in 1956 had been paid.

Petitioner contends that the appellate court, in its reversal, made findings which were erroneous and inconsistent with an earlier decision by the same court.

Initially, we note, as did the appellate court, that the petitioner's section 72 petition was filed more than 5½ years after the tax deed had been issued. Section 72(3) (Ill. Rev. Stat. 1965, ch. 110, par. 72(3)) provides that a petition for relief under section 72 must be filed within 2 years of entry of the judgment or order from which relief is sought, but that time during which the petitioner was under legal disability or duress or during which the grounds for relief were fraudulently concealed shall not be included in computing the 2-year period. Section 72(7) (Ill. Rev. Stat. 1965, ch. 110, par. 72(7)), however,

provides that nothing contained in section 72 shall affect any right to relief from a void order. It makes clear that void orders, judgments or decrees can be attacked at any time, without regard to the 2-year limitation period in section 72(3). *Cherin v. R. & C. Co.* (1957), 11 Ill. 2d 447, 453.

Petitioner does not contend that he was under duress or legal disability. With respect to fraudulent concealment, the appellate court held that petitioner neither proved that the respondent knew the notice had not been served, nor that she had concealed the issuance of the tax deed. The court further found that petitioner had knowledge of facts which should have placed him on notice of the tax deed prior to the lapse of the 2-year limitation period. Consequently, the court held the petition to have been untimely filed. We agree with the appellate court in this regard.

Petitioner contends, however, that the result reached by the appellate court is inconsistent with that reached by the same court in *Buschmann v. Walsh* (1970), 120 Ill. App. 2d 242, wherein a section 72 proceeding, which also arose out of the instant tax-deed proceeding, was brought by a different party against the same respondent. The allegations raised there were very similar to those made in the instant petition. In *Buschmann,* however, the respondent elected to stand on her section 48 motion (Ill. Rev. Stat. 1965, ch. 110, par. 48), and a default judgment, which declared the tax deed void, was then entered against her. Here, respondent filed an answer, and a hearing was held on the merits. As noted above, the petitioner's evidence of fraudulent concealment failed to sustain the factual allegations contained in the petition. The results reached here by the appellate court are not inconsistent with its earlier holding. Consequently, unless the order of the Wayne County court was void, petitioner is not entitled to the relief sought.

In this regard, petitioner asserts that his failure to

receive the requisite statutory notice deprived the trial court of jurisdiction to order the issuance of the tax deed. This court, however, has repeatedly held that, in the absence of fraud, failure to receive notice as required by sections 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1959, ch. 120, pars. 744, 747) does not deprive the trial court of jurisdiction to order a tax deed. (For a thorough discussion, see *Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 35-37, and cases cited therein.) Petitioner's contention is, therefore, without merit.

Petitioner next asserts that the order is void because the judgment and order of sale for delinquent taxes are defective in several respects. Petitioner, however, has not supplied this court with a copy of the judgment. Furthermore, attacks upon the judgment and order of sale after their entry are limited to those grounds set forth in section 270 of the Revenue Act (Ill. Rev. Stat. 1959, ch. 120, par. 751). None of these grounds are applicable to petitioner's contention.

Finally, petitioner contends the order is void because he paid all taxes legally assessed, and no separate assessment against his leasehold mineral interest was permitted. Although this contention appears to have been raised in both tribunals, neither the trial nor the appellate court entered findings in this respect. Petitioner's assertion rests on the premise that, under the case law of this State, the mineral or royalty interests reserved by an owner-lessor, under an oil or gas lease, are not subject to separate assessment and taxation.

Section 7 of "An Act to revise the law in relation to mines" (Ill. Rev. Stat. 1977, ch. 96½, par. 157, formerly Ill. Rev. Stat. 1975, ch. 94, par. 7) provides:

> "When the owner of any land shall convey, by deed or lease, any mining right therein, such conveyance shall be considered as so separating such right from the land that the same shall be taxable separately ***."

In *People ex rel. Carrell v. Bell* (1908), 237 Ill. 332, this court held that section 7 authorizes the separate assessment of the mining right owned by the lessee under an oil-and-gas lease. In *People ex rel. Hargrave v. Phillips* (1946), 394 Ill. 119, however, this court held that the unaccrued royalty interest reserved under an oil-and-gas lease by the owner of the surface estate is not a separate taxable mineral estate within the meaning of section 7. The unaccrued royalty interest is considered part of the land and is to be considered as such in determining the fair market value of the fee estate. *People ex rel. Smith v. Coen* (1953), 415 Ill. 73.

Section 270 of the Revenue Act provides that the entry of a judgment for the sale of real estate for delinquent taxes shall estop all parties from raising any objection thereto unless the tax had been paid or the real estate was exempt from general taxation under the Revenue Act. (Ill. Rev. Stat. 1959, ch. 120, par. 751.) If the petitioner's leasehold mineral interest under the "T.R. Michels 'E' Lease" was exempt from separate assessment and taxation in 1956, the judgment and order for its sale were void and subject to collateral attack in these proceedings. The trial court failed to render a finding in this respect. Since the record before us is unclear as to whether the property interest assessed was that of petitioner's leasehold mineral interest in unaccrued royalties, the case must be remanded to the trial court with directions to conduct a factual hearing solely on this issue.

For the reasons stated, the judgment of the appellate court is affirmed and the cause is remanded to the trial court with directions.

*Affirmed and remanded,*
*with directions.*