CHARLES McCANN, Adm'r of the Estate of Ethel McCoy, Deceased, Plaintiff-Appellant, *v.* ATLAS LASTER *et al.*, Defendants-Appellees.

(No. 73-298; 

Fifth District—April 10, 1974.

*Rehearing denied May 21, 1974.*

408

Theodore V. Bradley, of Murphysboro, for appellant.

Douglas A. Ingold, of Land of Lincoln Legal Assistance, Inc., of Carbondale, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The plaintiff, Charles McCann, as administrator of the estate of Ethel McCoy, deceased, filed a suit to quiet title and for "incidental relief". Ethel McCoy at the time of her death was the owner of a piece of property in Carbondale, Illinois, and left surviving two sons and two daughters. Letters of administration were issued to Charles McCann on July 17, 1969.

The Classic Leasing Company obtained a tax deed on the property in question as a result of a judgment entered by the Circuit Court of Jackson County on October 22, 1970, in case No. 70-Law (Tax)-261. This judgment was not appealed. The Classic Leasing Company conveyed the property by quitclaim deed to Atlas Laster, Sr., and Rosella Laster. This suit to quiet was filed by the plaintiff on March 20, 1972.

The Lasters and Classic Leasing Company were the only defendants who entered an appearance, and they filed separate motions to dismiss the complaint. These motions were granted by the trial judge after several hearings and subsequent hearings on motions to reconsider. The record shows that on August 9, 1973, the trial judge denied plaintiff's prayer for reconsideration of his original order for dismissal and the case was dismissed. From this order the appeal was perfected.

Plaintiff's complaint asked that the tax deed issued by the county clerk

be declared null and void and that the subsequent deed obtained by the Lasters be declared null and void. The basis of the complaint is that a tax deed was issued by an order of the Circuit Court of Jackson County without any legal notice to the heirs of the deceased or the administrator of the estate of Ethel McCoy.

Section 266 of the Revenue Act (Ill. Rev. Stat. 1971, chap. 120, sec. 747), states in part:

> "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 of the 'Civil Practice Act', * * *."

■■ In *Buschmann v. Walsh*, 120 Ill.App.2d 242, 245, 256 N.E.2d 882, plaintiffs brought two actions to set aside the same tax deed. One was a suit in equity to quiet title and the second was by motion pursuant to section 72 of the Civil Practice Act. The court stated in the *Buschmann* case, "* * * a suit in chancery to quiet title is not the proper proceeding in which to consider a collateral attack upon a judgment of the county court issuing a tax deed." The case of *Freisinger v. Interstate Bond Co.*, 24 Ill.2d 37, 179 N.E.2d 608, is cited.

■■ The history of the issuance of tax deeds and their subsequent collateral attack other than by appeal from the court order for judgment or motion under section 72 of the Civil Practice Act is well presented in *McMillen v. Rydbom* (1965), 56 Ill.App.2d 14. The supreme court in *Cherin v. R. & C. Co.* (1957), 11 Ill.2d 447, carefully and convincingly scrutinized the development of Illinois law both in the legislature and the courts in connection with the issuance of tax deeds. It has been uniformly and consistently held that in absence of appeal, the court order authorizing issuance of a tax deed stands as a valid judgment, subject to attack after 30 days, only by a petition filed under section 72 of the Civil Practice Act, in a proper case. This has been the law in Illinois for many years, and this court cannot realize any valid or justifiable reason in the appellant's argument and brief for not following the law as well enunciated by our supreme and appellate courts.

■■ The original pleading filed by the plaintiff is titled "Complaint to Quiet Title and For Incidental Relief", and the last paragraph in the prayer asks that "the complaint be given such other and further relief as the court may deem equitable". The above request cannot under any circumstances be treated as a request to proceed under section 72 of the Civil Practice Act. Section 72(2) states, "The petition must be filed in the same proceeding in which the order, judgment or decree was entered but is not a continuation thereof."

■■ The plaintiff's motion for reconsideration of order of dismissal

among other requests asks that the court grant plaintiff leave to file an amended complaint. The court denied this motion and ordered that the cause be dismissed. The court was correct in dismissing the complaint without giving the plaintiff an opportunity to amend, because this complaint could not be amended to be a valid attack on a void tax deed; the deed can only be attacked by a section 72 action or by direct appeal from the order authorizing its issuance.

The judgment of the trial court dismissing the complaint of the plaintiff as against all the defendants is affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.