# Illinois Official Reports

## Appellate Court

---

### *Excalibur Energy Co. v. Rochman*, 2014 IL App (5th) 130524

---

| | |
|---|---|
| Appellate Court Caption | EXCALIBUR ENERGY COMPANY, Plaintiff-Appellee, v. MARILYN ROCHMAN, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-13-0524 |
| Filed | August 18, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although plaintiff's ejectment complaint was supported by case law to the extent that it alleged that the tax deed giving rise to defendant's claimed interest in the property was obtained as the result of tax deed proceedings in which plaintiff was not provided with the required notice, the trial court erred in entering summary judgment for plaintiff, since a petition under section 2-1401 of the Code of Civil Procedure provided the only means for plaintiff to vacate the tax deed, in view of the passage of more than 30 days since the entry of the judgment issuing the tax deed; therefore, the order entering summary judgment for plaintiff was reversed and the cause was remanded with directions to dismiss plaintiff's complaint. |
| Decision Under Review | Appeal from the Circuit Court of Franklin County, No. 09-MR-32; the Hon. Thomas J. Dinn III and the Hon. E. Kyle Vantrease, Judges, presiding. |
| Judgment | Reversed and remanded with directions. |

| Counsel on Appeal | Mindy S. Salyer, Amanda L. Moressi, and Brittney B. Rykovich, all of Salyer Law Offices, LLC, of Chicago, and William L. Broom III and Patricia A. Small, both of Barrett, Twomey, Broom, Hughes & Hoke, LLP, of Carbondale, for appellant. |

Jana Yocom, of Jana Yocom, P.C., of Mt. Vernon, for appellee.

| Panel | JUSTICE SCHWARM delivered the judgment of the court, with opinion.
Justices Goldenhersh and Cates concurred in the judgment and opinion. |

**OPINION**

¶ 1     The plaintiff, Excalibur Energy Company (Excalibur Energy), filed a second-amended complaint in ejectment claiming ownership to property in Franklin County and alleging that a tax deed, from which the defendant, Marilyn Rochman, claimed ownership of the same property, was void for lack of notice to Excalibur Energy's predecessor in title. Rochman appeals the circuit court's order granting summary judgment in Excalibur Energy's favor. For the reasons that follow, we reverse the circuit court's judgment and remand the cause with directions to dismiss the plaintiff's second-amended complaint.

¶ 2                              BACKGROUND

¶ 3     On July 2, 2009, Excalibur Energy filed its complaint against Rochman, alleging that a tax deed, issued to Rochman's predecessor in title, Franklin County, as trustee, was void for lack of notice to Excalibur Energy's predecessor in title, the Joseph B. Gould Trust (Gould Trust). Specifically, in its "[s]econd [a]mended [c]omplaint [i]n [e]jectment" filed on July 16, 2012, Excalibur Energy alleged that in the 1980s Riverside American Farms, Inc. (Riverside), acquired in fee the surface and mineral rights underlying the disputed property in Franklin County. Excalibur Energy alleged that in 1991, Riverside deeded to Gould Trust a mineral interest in fee in the property, subject to a conditional reversionary interest, which reserved in Riverside a one-half interest in the mineral rights if Riverside paid in full a note due Gould Trust before May 1, 1996. Excalibur Energy alleged that the note was not paid and, therefore, Gould Trust's mineral interest in fee vested by operation of law on May 1, 1996.

¶ 4     Pursuant to Excalibur Energy's allegations, the record reveals that in 2003, Clyde E. Tritt and Carolyn Dirks executed an assignment and quitclaim deed to the Gould Foundation. Although named in the deed "as co-trustees" of the Gould Trust, Dirks and Tritt signed this deed as "co-executor[s]" of the estate of Joseph B. Gould. On May 16, 2006, the Gould Foundation transferred its mineral interest in fee in the disputed premises by virtue of a warranty deed issued to Excalibur Energy.

- 2 -

¶ 5 Excalibur Energy further alleged that, meanwhile, Franklin County, as trustee, took purported title to property pursuant to a tax deed dated September 17, 1997, and recorded October 23, 1997. Excalibur Energy alleged that this 1997 tax deed did not include in its legal description the property in dispute here. Excalibur Energy alleged that Franklin County, as trustee, thereafter conveyed the property to Rochman by quitclaim deed dated January 22, 2008, and recorded January 25, 2008, and that this quitclaim deed, purporting to be a tax deed, also did not include in its legal description the property in dispute here.

¶ 6 Excalibur Energy alleged, however, that a "[c]orrective [t]ax [d]eed" was executed on February 11, 2008, from David Dobill to Franklin County, as trustee, and recorded February 19, 2008. Excalibur Energy alleged that this deed included the property in dispute and listed it as "being the former interest of Riverside American Farms: Account of Joseph Gould Trust" even though Gould Trust was taxed under a different bill number. Excalibur Energy alleged that another corrective deed, a quitclaim deed dated February 15, 2008, and recorded February 19, 2008, transferred the same property from Franklin County, as trustee, to Rochman.

¶ 7 Excalibur Energy alleged that from June 23, 2006, until July 2007, pursuant to a division order, Countrymark Cooperative LLP (Countrymark) paid oil revenue amounts from the property to Excalibur Energy and that Excalibur Energy and its predecessors in title paid all real estate taxes that were assessed. Excalibur Energy alleged, however, that after July 2007 until June 10, 2008, Countrymark paid the various amounts of oil revenue from the property to Rochman and that Rochman thereby unlawfully withheld from Excalibur Energy the possession of the property. Excalibur Energy requested the circuit court to quiet title to the premises, order Rochman's ejectment, and determine the amount owed to it for Rochman's wrongful possession.

¶ 8 On August 14, 2012, Rochman filed a combined motion to dismiss Excalibur Energy's second-amended complaint (735 ILCS 5/2-619.1 (West 2008)). In her motion, Rochman argued, among other things, that because the "court having exclusive jurisdiction over the tax deed ha[d] failed to hear any issues thereon, [Rochman's] title to the subject premises [was] valid" and Excalibur Energy was barred from asserting its claim in ejectment.

¶ 9 On September 5, 2012, Excalibur Energy filed a motion for summary judgment. Excalibur Energy requested the circuit court to find that the 1994 default judgment and resulting 1997 tax deed to the Franklin County trustee were void. Excalibur Energy argued that the tax court had lacked jurisdiction to render the default judgment and issue the tax deed because there were defects in the delinquent list and publication notice, the purported tax deed failed to describe the property at issue, and Gould Trust did not receive any notice of the tax proceedings. Thereafter, Rochman filed a motion to strike Excalibur Energy's motion for summary judgment.

¶ 10 On November 2, 2012, after hearing arguments, the circuit court denied Rochman's motion to dismiss, motion to strike Excalibur Energy's motion for summary judgment, and request to answer the second-amended complaint in ejectment. On November 28, 2012, the circuit court entered its written order granting Excalibur Energy's motion for summary judgment.

¶ 11 In its order, the circuit court held that Excalibur Energy and its predecessors had paid the real estate taxes that were assessed in their names and that they had received no notice of the tax deed proceedings. The circuit court held that the records of the tax deed proceedings established that notice was not sent to the Gould Trust, even though its interest in the property was shown in the grantor-grantee index in the county clerk's office. The circuit court found

that the "[c]orrective [t]ax [d]eed" executed on February 11, 2008, from David Dobill to Franklin County, as trustee, and recorded on February 19, 2008, was the first deed to include the property at issue in the legal description. The circuit court found that it was the first time that the Gould Trust was mentioned. The circuit court found no explanation of the reasons or authority for delivery of this deed.

¶ 12    The court concluded that Excalibur Energy had provided proof that its predecessor in title held a recorded interest in the property but was not named a party in the publication notice as set forth in section 22-20 of the Property Tax Code (35 ILCS 200/22-20 (West 2008)), and that Franklin County, as trustee and tax purchaser, did not make a diligent inquiry and effort to serve the property owner with notice required by the Property Tax Code (35 ILCS 200/22-10 to 22-30 (West 2008)). The circuit court held that the total lack of notice of the tax deed proceedings rendered the tax deed void for lack of trial court jurisdiction over the property owner. Accordingly, the circuit court granted Excalibur Energy's motion for summary judgment and granted it possession of the premises.

¶ 13    In her motion to reconsider and later-filed addendum, Rochman argued, among other things, that Excalibur Energy had failed to plead a cause of action for ejectment, that Excalibur Energy had failed to present evidence that Gould Trust had held fee title subject to a conditional reversionary interest in Riverside or that Gould Trust's fee interest had vested by operation of law in 1996, and that there was no evidence of record regarding a total lack of notice in the underling tax deed proceeding. On September 27, 2013, the circuit court denied Rochman's motion to reconsider and addendum to the motion to reconsider. Rochman filed a timely notice of appeal.

¶ 14                                    ANALYSIS

¶ 15    "A motion for summary judgment should only be granted when the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 423 (1998). "Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Our review of a circuit court's order granting summary judgment is *de novo*. *Id.*

¶ 16    Pursuant to its second-amended complaint, Excalibur Energy's claim for ejectment (see 735 ILCS 5/6-101 *et seq.* (West 2008)) rests on its argument that the 1997 tax deed issued to Franklin County, as trustee, was void, and thus, Franklin County had no title to transfer to Rochman. Excalibur Energy thus seeks to set aside a tax deed.

¶ 17    The Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2008)) governs the issuance of tax deeds. Pursuant to the Property Tax Code, "[t]he legislature intended a tax deed, once it is issued, to be virtually incontestable." *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 429 (2010). "The legislature's intent was to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired." *Id.* "The legislature drafted the Property Tax Code in this manner because, prior to 1951, there was an alarming increase in the rate of tax delinquencies, and 'almost any defect or deficiency, no matter how minute, in a tax deed proceeding that led to the issuance of a tax deed made a deed suspect and generally void.' " *Id.* (quoting *Killion v. Meeks*, 333 Ill. App. 3d 1188, 1191 (2002)). Nonetheless, "the

primary purpose of the tax sales provisions of the Property Tax Code is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property." *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710 (1998).

¶ 18    Accordingly, a party's ability to set aside a tax deed is very limited. 35 ILCS 200/22-45, 22-55 (West 2008). Under section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2008)), there are three ways in which a party may challenge a tax deed: (1) by filing a direct appeal from the order directing the issuance of the deed; (2) by filing a motion for relief under section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2008) (motion made within 30 days after judgment)); or (3) by filing a petition for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)). *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (3d) 120999, ¶ 23. Section 22-45 further limits the grounds for which relief from a tax deed may be obtained under section 2-1401 to the following four situations: (1) where there is proof that the taxes were paid prior to sale; (2) where there is proof that the property was exempt from taxation; (3) where there is proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee; or (4) where there is proof that a party with a recorded ownership or other recorded interest was not named in the required publication notice and the tax purchaser or his assignee did not make a diligent inquiry and effort to serve that party with the required notices. 35 ILCS 200/22-45 (West 2008); *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (3d) 120999, ¶ 23. Section 22-45 further provides, however, that relief from such an order may be had under section 2-1401 in the same manner and to the same extent as may be had with respect to final orders and judgments in other proceedings. 35 ILCS 200/22-45 (West 2008).

¶ 19    Section 2-1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a judgment older than 30 days. 735 ILCS 5/2-1401 (West 2008); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Section 2-1401(b) provides that the petition must be filed in the same proceeding in which the order or judgment was entered, but it is not a continuation of the original action. 735 ILCS 5/2-1401(b) (West 2008). The purpose of a section 2-1401 petition is to alert the circuit court to facts that, if they had been known at the time, would have precluded entry of the judgment. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000).

¶ 20    As an initial pleading, a section 2-1401 petition is the procedural counterpart of a complaint and subject to all the rules of civil practice that that character implies. *Vincent*, 226 Ill. 2d at 15. "From the petition's character as an initial pleading, it follows that the respondent may answer or move to dismiss the petition either under section 2-615 of the Code [of Civil Procedure] (735 ILCS 5/2-615 (West 2008)) for failure to state a claim or under section 2-619 of the Code [of Civil Procedure] (735 ILCS 5/2-619 (West 2008)) based on an affirmative defense ***." *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 207 (2010). "Where a motion to dismiss under section 2-1401 is denied, the court should allow the moving party a chance to answer the allegations contained in the petition." *Manning v. Meier*, 114 Ill. App. 3d 835, 840 (1983). "In any event, as with other initial pleadings, barring a default (see 735 ILCS 5/2-1301(d) (West 2008)), no recognized mode of civil practice provides for the grant of a section 2-1401 petition when the only paper filed has been the petition." *Blazyk*, 406 Ill. App. 3d at 207.

¶ 21    Section 2-1401(f) has been held to have codified the common law means to collaterally attack a void judgment. 735 ILCS 5/2-1401(f) (West 2008); *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 380 (2005) (a void judgment is, from its inception, a complete nullity and without legal effect); *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002) (a judgment is void when the court lacks jurisdiction over the subject matter or the parties). Section 2-1401 expressly differentiates petitions collaterally attacking judgments on voidness grounds from all other types of collateral attacks. 735 ILCS 5/2-1401(f) (West 2008) ("Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."); *Sarkissian*, 201 Ill. 2d at 104; *In re Application of the County Collector*, 397 Ill. App. 3d 535, 542 (2009). Section 2-1401 petitions attacking a judgment on voidness grounds may be brought at any time and are not subject to the two-year statute of limitations. *Sarkissian*, 201 Ill. 2d at 103-04. A section 2-1401(f) petition alleging voidness is also exempt from the general requirements of section 2-1401 petitions, such as, for example, those alleging a meritorious defense or due diligence. *In re Application of the County Collector*, 397 Ill. App. 3d at 543; *Sarkissian*, 201 Ill. 2d at 104.

¶ 22    In this case, the circuit court entered summary judgment in favor of Excalibur Energy based on its complaint in ejectment. The circuit court held that because Excalibur Energy and its predecessors had received no notice of the tax deed proceedings, the court in those proceedings lacked jurisdiction, and the tax deed was void. The circuit court therefore set aside the tax deed.

¶ 23    Although case law supports the circuit court's conclusion that a tax deed is void where tax deed proceedings result in a total failure to provide notice (*In re Application of the County Collector*, 397 Ill. App. 3d at 537, 548 (tax deed void because total failure to provide notice violated due process and means the circuit court never acquired personal jurisdiction over property owner)), Excalibur Energy's complaint in ejectment was not a valid attack on the tax deed. Section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)) provided the only vehicle for the plaintiff in this case to vacate the tax deed. See *S.I. Securities*, 403 Ill. App. 3d at 430.

¶ 24    Excalibur Energy cites *Glos v. Patterson* to assert that a tax deed can "be negated" in an action in ejectment. *Glos v. Patterson*, 195 Ill. 530, 533-34 (1902) (court allowed ejectment action to eject defendant whose title flowed from tax deed and denied defendant's request for taxes and costs, stating that trial court's judgment was not one setting aside tax deed). In *Glos*, however, the court noted that the defendant, in seeking to introduce the tax deeds executed prior to the execution of the plaintiff's title, sought not to prove paramount title but to recover taxes paid. *Id*.

¶ 25    Excalibur Energy's reliance on *Glos* appears anachronistic in light of the clear language of sections 22-45 of the Property Tax Code and 2-1401 of the Code of Civil Procedure (35 ILCS 200/22-45 (West 2008); 735 ILCS 5/2-1401 (West 2008)), along with the courts' construction of these sections and their predecessors since 1902. See *Urban v. Lois, Inc.*, 29 Ill. 2d 542, 546-47 (1963); *People ex rel. Wright v. Doe*, 26 Ill. 2d 446, 451-52 (1962); *Freisinger v. Interstate Bond Co.*, 24 Ill. 2d 37, 41-42 (1962); *Remer v. Interstate Bond Co.*, 21 Ill. 2d 504, 510 (1961); *Southmoor Bank & Trust Co. v. Willis*, 15 Ill. 2d 388, 394-95 (1958) (after 1951 revision of section 266 of the Revenue Act (Ill. Rev. Stat. 1959, ch. 120, ¶ 747), predecessor to section 22-45 of the Property Tax Code, as well as the 1955 revision of section 72 of the Civil

Practice Act (Ill. Rev. Stat. 1959, ch. 110, ¶ 72), predecessor to section 2-1401 of the Code of Civil Procedure, supreme court concluded that tax titles were incontestable except by direct appeal or pursuant to section 72). Indeed, our conclusion is bolstered by courts addressing this very issue. See *Elliott v. Johnson*, 156 Ill. App. 3d 70, 73 (1987) (in view of the statutory requirement that a tax deed may be challenged only by direct appeal or by a motion pursuant to section 2-1401, plaintiff's complaint to quiet title was correctly dismissed); *In re Application of Hamilton County Treasurer*, 96 Ill. App. 3d 158, 162 (1981) (provision for bringing of petition to set aside a tax deed pursuant to section 72 of the former Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, ¶ 72) has been held to preclude an attack on tax title through an equitable proceeding to quiet title); *McCann v. Laster*, 19 Ill. App. 3d 407, 409 (1974) ("[i]t has been uniformly and consistently held that in absence of appeal, the court order authorizing issuance of a tax deed stands as a valid judgment, subject to attack after 30 days, only by a petition filed under section 72 of the Civil Practice Act," not by complaint to quiet title); *Buschmann v. Walsh*, 120 Ill. App. 2d 242, 245 (1970) (suit to quiet title is not the proper proceeding to consider a collateral attack upon a judgment of the county court issuing a tax deed).

¶ 26    Moreover, Excalibur Energy's complaint could not be treated as a petition for relief from judgment authorizing issuance of the tax deed, in view of the statutory requirement that such petitions "be filed in the same proceeding in which the order or judgment was entered." 735 ILCS 5/2-1401(b) (West 2008); *McCann*, 19 Ill. App. 3d at 409 (complaint to quiet title could not under any circumstances be treated as a motion for relief of judgment, which must be filed in the same proceeding in which the order was entered, even though it is not a continuation thereof). "[A] section 2-1401 proceeding will always involve the same parties as the underlying case and will always relate back to the original judgment in the underlying case." *Niemerg v. Bonelli*, 344 Ill. App. 3d 459, 466 (2003). "It is filed in the same case in which the judgment was entered, and the pleading bears the same docket number." *Id.*

¶ 27    Accordingly, the plaintiff's complaint in ejectment should have been dismissed on Rochman's motion. See 735 ILCS 5/2-1401 (West 2008); *Elliott*, 156 Ill. App. 3d at 73; *In re Application of Hamilton County Treasurer*, 96 Ill. App. 3d at 162; *McCann*, 19 Ill. App. 3d at 409; *Buschmann*, 120 Ill. App. 2d at 245. We therefore reverse the circuit court's order granting Excalibur Energy's motion for summary judgment, and we remand the action to the circuit court with directions to dismiss Excalibur Energy's complaint in ejectment.

¶ 28                                CONCLUSION

¶ 29    For the reasons stated, we reverse the judgment of the circuit court of Franklin County with directions to the circuit court to dismiss the plaintiff's second-amended complaint in ejectment.

¶ 30    Reversed and remanded with directions.