NOTICE

Decision filed 02/09/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240644-U

NO. 5-24-0644

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| GLOBAL 17, LLC, f/k/a Scandium 21, LLC, a Delaware Limited Liability Company, | ) ) ) | Appeal from the Circuit Court of Williamson County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23-CH-17 |
| CARLOS TANNER, TANNER 401K PLAN TRUST, and UNKNOWN OWNERS, | ) ) ) ) | Honorable Jeffrey A. Goffinet, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.[*]

**ORDER**

¶ 1   *Held*: The circuit court did not err in granting defendant's motion to dismiss plaintiff's complaint to quiet title where an action to quiet title is not the appropriate mechanism to contest an issued tax deed.

¶ 2   The plaintiff, Global 17, LLC, formerly known as Scandium 21, LLC (Global), appeals the April 16, 2024, order of the circuit court of Williamson County granting defendant, Carlos Tanner, Tanner 401K Plan Trust's (Tanner), motion to dismiss Global's complaint to quiet title. On appeal, Global argues the circuit court's initial decision to deny Tanner's motion to dismiss was correct, and that the court erred in granting Tanner's motion to reconsider resulting in dismissal of Global's

_____

[*]Justice Moore fully participated in the decision prior to his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992).

1

complaint. For the reasons that follow, we affirm the circuit court's April 16, 2024, order granting Tanner's motion to dismiss.

¶ 3                                    I. BACKGROUND

¶ 4      On November 5, 2019, at the Williamson County annual public tax sale, Tanner purchased the delinquent real estate taxes of 30 parcels of real estate owned by Global. The parcels are contiguous properties situated in Stonefort Township, Williamson County, Illinois. On November 27, 2019, the circuit court entered an order approving the tax sale. On January 11, 2022, Tanner filed its petition for issuance of a tax deed in 22-TX-3.[1]

¶ 5      The initial redemption period was set to expire on November 5, 2021, two years from the date of the public tax sale, unless timely extended pursuant to the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2020)). On January 27, 2022, Tanner filed a "Motion to Extend Redemption Period Instanter" and requested the court to extend the redemption period to October 1, 2022. The court granted the extension on February 7, 2022.

¶ 6      On March 8, 2022, the Williamson County State's Attorney's Office, on behalf of the Williamson County Clerk and Williamson County Treasurer, filed a motion to vacate the extension of the redemption period. The motion stated that "in accordance with 35 ILCS 200/21-385, '[t]he purchaser or his assignee of property sold … may extend the period of redemption *at any time before the expiration of the original period of redemption* …' " (Emphasis in original.) As such, the motion requested that the court vacate its order granting the extension of the redemption period. On July 26, 2022, Tanner filed another motion to extend the redemption period to November 4, 2022, which was granted on August 1, 2022. On August 26, 2022, the court denied Williamson County's motion to vacate the extension of the redemption period. On September 7, 2022,

_____

[1]Williamson County case No. 22-TX-3 is not before this court on appeal.

Williamson County filed a motion for leave to withdraw its motion to vacate the extension of the redemption period. The motion stated "[t]hat in light of ongoing discussion with [Tanner]'s attorney, Movant now wishes to withdraw its Motion to Vacate the Extension of Redemption Period." The motion to withdraw was granted on September 7, 2022.

¶ 7 On November 17, 2022, Tanner filed an application for an order directing the county clerk to issue the tax deed. That order was entered November 18, 2022.

¶ 8 On August 3, 2023, Global initiated a separate action and filed a complaint to quiet title against Tanner, Williamson County case No. 23-CH-17. Global's complaint argued that Tanner did not timely extend the redemption period and therefore, its petition for a tax deed was untimely. Specifically, Global argued that the redemption period expired November 5, 2021, which was two years from the date of the tax sale of November 5, 2019. Global argued that because Tanner failed to timely take out and record a tax deed on or before November 5, 2022 (one year after the time for redemption expired), the tax deed and sales are "absolutely void with no right to reimbursement" pursuant to the Property Tax Code.

¶ 9 On September 29, 2023, Tanner filed its motion to dismiss Global's complaint to quiet title pursuant to section 2-619(a)(5) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5), (9) (West 2022)). Tanner argued that Global's complaint to quiet title was an attempt to circumvent the property tax code because it failed to timely attack the order issuing the tax deed. Further, Tanner argued that section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2022)) limits the ability to contest a tax deed. In response, Global argued: (1) its complaint set forth the elements to quiet title; (2) section 22-85 of the Property Tax Code (*id.* § 22-85) explicitly declares that a tax deed and sale are absolutely void if a tax deed is not recorded within one year after the end of the redemption period; (3) a void order can be attacked at any time and in any forum; (4) its

3

complaint to quiet title is not barred by statute or existing common law; and (5) there was a factual dispute as to whether the period of redemption was extended.

¶ 10    On November 6, 2023, in 22-TX-3, Global filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2022)) to vacate the order directing issuance of the tax deed. Global's section 2-1401 petition argues Tanner violated section 22-85 and committed fraud related to the extension of the redemption period and timely recording of the tax deed. That matter is still pending.[2]

¶ 11    On February 16, 2024, in 23-CH-17 (quiet title case), the circuit court entered a written order denying Tanner's motion to dismiss. The court stated "the deed can be challenged as void in any case at any time. As the Court finds that there could be a set of facts which could be proved to support a cause of action (that the deed was void), the motion to dismiss is DENIED." On February 21, 2024, Tanner filed a motion to reconsider. On March 28, 2024, by docket entry, the court stated:

> "THE COURT HAS CONSIDERED THE MOTION TO RECONSIDER AND HAS REVIEWED THE CASES CITED. DICTA IN THE SI RESOURCES V. OPAL CASTLEMAN (20[20] IL APP 5TH 190168) CASE CALLS INTO QUESTION DECISIONS BY THE THIRD DISTRICT AND THE FIRST. WHILE THE ANALYSIS IN SI RESOURCES IS NOT BINDING PRECEDENT, UPON REVIEW, THE COURT FINDS IT TO BE PERSUASIVE. THE COURT GRANTS THE MOTION TO RECONSIDER. THE MOTION TO DISMISS IS GRANTED AND THE COURT ADOPTS THE ARGUMENT OF DEFENDANT. DEFENDANT TO PREPARE WRITTEN JUDGMENT REFLECTING THIS RULING AND DISMISSING THIS CASE WITH PREJUDICE."

¶ 12    On April 16, 2024, by docket entry, the court stated:

> "COURT HAS CONSIDERED THE PROPOSED JUDGMENT AND OBJECTIONS THERETO. THE COURT OVERRULES THE OBJECTION. THE COURT ADOPTS THE ANALYSIS SUGGESTED IN THE DICTA OF SI RESOURCES V. OPAL CASTLEMAN, 2020 IL APP (5TH) 190168. QUIET TITLE IS NOT THE APPROPRIATE MECHANISM TO CONTEST AN ISSUED TAX DEED. AS SUCH, THE DISMISSAL HEREIN SHOULD BE WITH PREJUDICE: HOWEVER, THE

---

[2]On February 2, 2024, the parties filed an agreed motion to consolidate the matters into one. On March 22, 2024, at the hearing on Tanner's motion to reconsider, the court ordered that the matters were consolidated "for discovery purposes only."

JUDGMENT PROPOSED BY DEFENDANTS EXCEEDS THE COURT'S [ANALYSIS] AND IS REJECTED. BY DOCKET ENTRY, THE COURT ENTERS JUDGMENT FOR THE TANNER DEFENDANTS."

¶ 13    On May 15, 2024, Global filed its timely notice of appeal.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, Global argues that the circuit court erred in granting Tanner's motion to dismiss and holding that an action to quiet title is not the appropriate mechanism to contest an issued tax deed. Specifically, Global argues (1) that the circuit court's initial decision denying Tanner's motion to dismiss was correct; (2) that the circuit court's subsequent decision to grant Tanner's motion to reconsider and dismiss Global's complaint was incorrect and not supported by precedent; (3) that an action to quiet title is a long-recognized and appropriate vehicle to determine the validity of a title that is challenged as void; and (4) that the decision of the circuit court is inconsistent with the plain meaning of section 22-85.

¶ 16    "In ruling on a motion to dismiss under either section 2-615 or section 2-619 of the Code, the court must accept all well-pled facts in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff." *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1047 (1998) (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 19 (1981)). In addition, "[b]ecause the resolution of either motion involves only a question of law, our review is *de novo*." *Id.* A reviewing court can affirm the circuit court's decision on any basis in the record. *Pryweller v. Cohen*, 282 Ill. App. 3d 899, 907 (1996).

¶ 17    The issue before this court is whether an action to quiet title can be brought to challenge the issuance of a tax deed and the underlying sale. Global argues that the circuit court's initial decision to deny Tanner's motion to dismiss was correct, and the court's subsequent decision on reconsideration to grant Tanner's motion to dismiss was incorrect and not supported by precedent.

5

Tanner argues the court's subsequent decision to grant its motion to dismiss was correct, because an action to quiet title is not an appropriate mechanism to contest an issued tax deed.

¶ 18 An action to quiet title is an equitable proceeding wherein a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *Lakeview Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 811 (1985). " 'A cloud on title is the semblance of title, either legal or equitable, appearing in some legal form but which is, in fact, unfounded or which it would be inequitable to enforce.' " *Alward v. Jacob Holding of Ontario LLC*, 2019 IL App (5th) 180332, ¶ 15 (quoting *Gambino v. Boulevard Mortgage Corp.*, 398 Ill. App. 3d 21, 52 (2009)).

¶ 19 The Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2022)) governs the issuance of tax deeds. Pursuant to the Property Tax Code, "[t]he legislature intended a tax deed, once it is issued, to be virtually incontestable." *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 429 (2010). "The legislature's intent was to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired." *Id.* "The legislature drafted the Property Tax Code in this manner because, prior to 1951, there was an alarming increase in the rate of tax delinquencies, and 'almost any defect or deficiency, no matter how minute, in a tax deed proceeding that led to the issuance of a tax deed made a deed suspect and generally void.' " *Id.* (quoting *Killion v. Meeks*, 333 Ill. App. 3d 1188, 1191 (2002)). Nonetheless, "the primary purpose of the tax sales provisions of the Property Tax Code is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property." *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710 (1998).

6

¶ 20    Accordingly, the ability to set aside a tax deed is very limited. *Excalibur Energy Co. v. Rochman*, 2014 IL App (5th) 130524, ¶ 17. Under section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2022)), there are three ways in which a party may challenge a tax deed: (1) by filing a direct appeal from the order directing the issuance of the deed; (2) by filing a motion for relief under section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2022) (motion made within 30 days after judgment)); or (3) by filing a petition for relief under section 2-1401 of the Code of Civil Procedure (*id.* § 2-1401). *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (3d) 120999, ¶ 23. Section 22-45 further limits the grounds for which relief from a tax deed may be obtained under section 2-1401 to the following four situations: (1) where there is proof that the taxes were paid prior to sale; (2) where there is proof that the property was exempt from taxation; (3) where there is proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee; or (4) where there is proof that a party with a recorded ownership or other recorded interest was not named in the required publication notice and the tax purchaser or his assignee did not make a diligent inquiry and effort to serve that party with the required notices. 35 ILCS 200/22-45 (West 2022); *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (3d) 120999, ¶ 23.

¶ 21    Section 22-85 of the Property Tax Code provides that a tax deed is "absolutely void with no right to reimbursement" unless it is recorded by the tax purchaser within one year after the redemption date. 35 ILCS 200/22-85 (West 2022). "Thus, a party seeking to set aside a tax deed could also allege in a section 2-1401 petition that the deed is void because the tax purchaser failed

7

to record it within the one-year period." *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (3d) 120999, ¶ 23 (citing 735 ILCS 5/2-1401(f) (West 2010)).[3]

¶ 22    Section 2-1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a judgment older than 30 days. 735 ILCS 5/2-1401 (West 2022); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). "Section 2-1401(b) provides that the petition must be filed in the same proceeding in which the order or judgment was entered, but it is not a continuation of the original action." *Excalibur*, 2014 IL App (5th) 130524, ¶ 19; 735 ILCS 5/2-1401(b) (West 2022). The purpose of a section 2-1401 petition is to alert the circuit court to facts that, if they had been known at the time, would have precluded entry of the judgment. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000).

¶ 23    In the case at hand, the circuit court's April 16, 2024, order states, "The court adopts the analysis suggested in the *dicta* of [*In re Application for a Tax Deed (SI Resources v. Opal Castleman)*, 2020 IL App (5th) 190168 (*Castleman I*)]. Quiet title is not the appropriate mechanism to contest an issued tax deed." Global argues that *Castleman I* is not binding precedent because the matter was affirmed by our supreme court on entirely different grounds in *In re Application for a Tax Deed*, 2021 IL 126150 (*Castleman II*). Global argues the circuit court's initial decision denying Tanner's motion to dismiss was correct in that it adopted the analysis from *In re Application of the Will County Collector*, 2018 IL App (3d) 160659 (2018).

¶ 24    In support of its argument, Global relies on *In re Application of the Will County Collector*, 2018 IL App (3d) 160659, and *In re Application of the County Treasurer*, 2012 IL App (1st) 101976. We find Global's reliance on these cases misplaced, as neither case involved an action to

---

[3]We note that this holding has been rejected by this court, in *In re Application for a Tax Deed*, 2020 IL App (5th) 190168, ¶ 26, *aff'd*, 2021 IL 126150, in which this court stated: "it is not clear that [this decision] comport[s] with the statutory language or Illinois Supreme Court precedent." Global argues on appeal that this criticism is merely *dicta* and not binding on this court. For the reasons stated below, we need not address this issue.

quiet title. In *In re Application of the Will County Collector*, CitiMortgage challenged the circuit court's order directing issuance of a tax deed by filing a petition under section 2-1401. In *In re Application of the County Treasurer*, MB Financial Bank sought to void the underlying tax deed pursuant to section 22-85 of the Property Tax Code. *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, ¶ 1. In addressing the merits, the First District treated the section 22-85 as a section 2-1401(f) petition to void the judgment. *Id.* ¶¶ 30-31. Further, both of those actions were filed within the underlying tax deed case. As such, we decline to expand the holdings in *In re Application of the Will County Collector*, 2018 IL App (3d) 160659, and *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, to stand for the notion that an action to quiet title can be used to contest an issued tax deed, as Global suggests.

¶ 25    Our conclusion is bolstered by courts addressing this very issue. See *Elliott v. Johnson*, 156 Ill. App. 3d 70, 73 (1987) (in view of the statutory requirement that a tax deed may be challenged only by direct appeal or by a motion pursuant to section 2-1401, plaintiff's complaint to quiet title was correctly dismissed); *In re Application of the Hamilton County Treasurer*, 96 Ill. App. 3d 158, 162 (1981) (provision for bringing of petition to set aside a tax deed pursuant to section 72 of the former Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, ¶ 72) has been held to preclude an attack on tax title through an equitable proceeding to quiet title); *McCann v. Laster*, 19 Ill. App. 3d 407, 409 (1974) ("[i]t has been uniformly and consistently held that in absence of appeal, the court order authorizing issuance of a tax deed stands as a valid judgment, subject to attack after 30 days, only by a petition filed under Section 72 of the Civil Practice Act," not by complaint to quiet title); *Buschmann v. Walsh*, 120 Ill. App. 2d 242, 245 (1970) (suit to quiet title is not the proper proceeding to consider a collateral attack upon a judgment of the county court issuing a tax deed).

¶ 26　More recently, in *Excalibur Energy Co. v. Rochman*, 2014 IL App (5th) 130524, this court reaffirmed that, pursuant to section 22-45 of the Property Tax Code, section 2-1401 was the sole remedy to set aside a tax deed more than 30 days after the judgment. *Id.* ¶ 23. In *Excalibur*, the plaintiff filed a complaint for ejectment, alleging it was entitled to possession of certain property because a tax deed issued to the tax buyer was void for lack of notice. *Id.* ¶ 1. The circuit court granted summary judgment in favor of the plaintiff, finding that the plaintiff and its predecessors had paid the real estate taxes on the property and that the plaintiff's predecessor did not receive notice of the tax deed proceedings. *Id.* ¶ 12. This court reversed, finding that section 2-1401 was the sole method available to set aside a tax deed more than 30 days after the judgment. *Id.* ¶ 23.

¶ 27　Global argues *McCann*, *Buschmann*, *In re Application of the Hamilton County Treasurer*, and *Elliott* are distinguishable because in the case *sub judice*, Global is challenging the tax deed and the underlying sale, not the order directing the issuance of a tax deed. We find that is a distinction without a difference. Further, Global's action to quiet title could not be treated as a petition for relief from judgment under section 2-1401, in view of the statutory requirement that such petitions "be filed in the same proceeding in which the order or judgment was entered." 735 ILCS 5/2-1401(b) (West 2022); *McCann*, 19 Ill. App. 3d at 409 (complaint to quiet title could not under any circumstances be treated as a motion for relief of judgment, which must be filed in the same proceeding in which the order was entered, even though it is not a continuation thereof). "[A] section 2-1401 proceeding will always involve the same parties as the underlying case and will always relate back to the original judgment in the underlying case." *Niemerg v. Bonelli*, 344 Ill. App. 3d 459, 466 (2003). "It is filed in the same case in which the judgment was entered, and the pleading bears the same docket number." *Id.* This court is aware that an agreed order to consolidate the matter at hand (action to quiet title) with the 22-TX-3 (tax deed case) was entered on February

2, 2024. However, on March 22, 2024, the circuit court ordered that the matters were consolidated "for discovery purposes only."

¶ 28　　Global cites to no case in which an action to quiet title was brought to challenge the issuance of a tax deed or the underlying sale. We find no reason to depart from well-established precedent which holds to the contrary. Accordingly, we find the circuit court did not err in dismissing Global's action to quiet title.

¶ 29　　　　　　　　　　　　　III. CONCLUSION

¶ 30　　Based on the foregoing, the judgment of the circuit court dismissing Global's complaint to quiet title is affirmed.

¶ 31　　Affirmed.